IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY LITTLE | : | CIVIL ACTION |
| v. | : | |
| TROY LEVI | : | NO. 07-4604 |

## ORDER-MEMORANDUM

**AND NOW**, this 29th day of November, 2007, upon consideration of Petitioner Little's Petition for Writ of Habeas Corpus (Docket No. 1), **IT IS HEREBY ORDERED** that the Petition is **DENIED**, and the Clerk of Court shall mark this matter **CLOSED**.

Petitioner is currently being held at the Federal Detention Center in Philadelphia, Pennsylvania, pursuant to charges that he interfered with interstate commerce by robbery, and used a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 1951 and 924(c). He is awaiting trial which is scheduled to commence on January 10, 2008. Petitioner filed the instant petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In his Petition, he asserts that Public Law No. 80-772, which bestows jurisdiction over violations of federal crimes on the federal district courts and is codified at 18 U.S.C. § 3231, was not enacted in a constitutional manner, and therefore his detention is unlawful. The gravamen of Petitioner's argument is that there was a <u>sine die</u> recess in Congress between the adoption of Public Law No. 80-772 by the House of Representatives and its adoption by the Senate, in violation of the United States Constitution.

Numerous courts have addressed this and other arguments challenging the constitutionality of the manner in which Public Law No. 80-772 was enacted, and all have concluded that these challenges are meritless. See <u>United States v. Felipe</u>, Civ. A. No. 07-061, 2007 U.S. Dist. LEXIS 54834, at *5 (E.D. Pa. July 30, 2007) ("There was no sine die recess between the votes of the House

and Senate; rather there was an inter-session adjournment between these events."); United States v. Martinez, Civ. A. No. 05-423, 2006 U.S. Dist. LEXIS 31652 (S.D. Tex. May 6, 2006); United States v. Risquet, 426 F. Supp. 2d 310 (E.D. Pa. 2006); United States v. Martinez, Civ. A. No. 05-423, 2006 U.S. Dist. LEXIS 31652 (S.D. Tex. May 6, 2006); Derleth v. United States, Civ. A. No. L-05-205, 2006 U.S. Dist. LEXIS 45540 (S.D. Tex. June 27, 2006); United States v. Lawrence, Crim. A. No. 02-200, 2006 U.S. Dist. LEXIS 5501 (N.D. Ill. Jan. 27, 2006); Mullican v. Stine, Civ. A. No. 07-129-KKC, 2007 U.S. Dist. LEXIS 29884 (E.D. Ky. Apr. 23, 2007); Campbell v. Gonzalez, Civ. A. No. 07-36-GFVT, 2007 U.S. Dist. LEXIS 23307 (E.D. Ky. Mar. 29, 2007).  The United States Court of Appeals for the Third Circuit has also addressed this argument and has held that it is frivolous.  United States v. Potts, No. 07-3057, 2007 U.S. App. LEXIS 24498, at *4 (3d Cir. Oct. 18, 2007).  The Third Circuit further stated that 18 U.S.C. § 3231 was "properly enacted and is binding."  Id. *4-*5.  Accordingly, Petitioner's argument is plainly meritless and we deny the Petition.

                              BY THE COURT:

                              s/ John R. Padova, J.
                              John R. Padova, J.